UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD DIEDERICH,

    Plaintiff,                                          Case No. 19-cv-12799
                                                      Hon. Matthew F. Leitman

v.

HEIDI WASHINGTON,
JOHN CHRISTIANSEN,
NICHOLAS WHITE, IVAN SCOTT,
JASON PARSONS, TERRI FIGHTER,
VANCE COLTHORP and DAVID FENBY,

    Defendants.
_____/

**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS (ECF NO. 30) TO REPORT AND RECOMMENDATION (ECF NO. 29) AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 22)**

In this action, *pro se* Plaintiff Chad Diederich, an inmate in the custody of the Michigan Department of Corrections (the "MDOC"), brings claims under 42 U.S.C. § 1983 against several employees of the MDOC. (*See* Compl., ECF No. 1.) The Defendants filed a motion for partial summary judgment based upon Diederich's alleged failure to exhaust his administrative remedies. (*See* Mot., ECF No. 22.) The assigned Magistrate Judge then issued a report and recommendation in which he recommended that the Court grant the motion in part and deny the motion in part (the "R&R"). (*See* R&R, ECF No. 29.) The Defendants have now filed objections

1

to the R&R (the "Objections"). (*See* Objections, ECF No. 30.) For the reasons explained below, the Objections are **SUSTAINED IN PART** and **DENIED IN PART**.

I

A

On September 25, 2019, Diederich, then incarcerated at the Central Michigan Correction Facility ("STF"), filed this civil-rights action against the Defendants. (*See* Compl., ECF No. 1.) In his Complaint, Diederich alleges that certain employees of the MDOC violated his constitutional rights by (1) denying him paper and envelopes that he needed in order to access the courts and file legal claims (the "Denial of Access to Courts Claim"), (2) refusing to file his grievances (the "Refusal to File Grievances Claim"), (3) retaliating against him for filing grievances and lawsuits by transferring him, threatening to take away his job, and ultimately firing him (the "Retaliation Claim"), and (4) refusing to provide him basic hygiene products (the "Hygiene Claim"). (*See id.*) Diederich brought his action against the following Defendants: MDOC Director Heidi Washington, STF Warden John Christiansen, STF Deputy Warden David Fenby, Prison Counselor Nicholas White, Storekeeper Vance Colthorp, Corrections Resident Representative Jason Parsons, and Resident Unit Managers Terri Fighter Daniels ("Fighter") and Ivan Scott. (*See id.*) Diederich

2

brought his claims against the Defendants in both their official capacities and their individual capacities. (*See id.*)

## B

On April 8, 2020, the Defendants moved for partial summary judgment. (*See* Mot., ECF No. 22.) They argued that Diederich's official capacity claims failed as a matter of law because they were effectively claims against the State of Michigan and because the State had immunity from those claims under the Eleventh Amendment. (*See id.*, PageID.105.) They also argued that some of Diederich's individual capacity claims failed because he had not exhausted his administrative remedies against some of the Defendants before filing this action. (*See id.*, PageID.101.) More specifically, they contended that Diederich had impermissibly brought claims against some of the Defendants even though he had not named them in corresponding grievances that he had filed through the MDOC's grievance process. (*See id.*) Stated another way, the Defendants insisted that Diederich could only bring claims against those Defendants that he named in the corresponding grievances that he had pursued through the MDOC's administrative procedures.

The following chart helps to illustrate the factual basis of Defendants' failure-to-exhaust defense as presented in their motion for partial summary judgment:

3

| **Claim in Complaint** | **MDOC Employees Named as Defendants in the Claim** | **MDOC Employees named in Grievance Corresponding to The Claim** |
|---|---|---|
| Denial of Access to Courts Claim | White, Scott, Christiansen, and Washington | White (*See* Grievance STF-0667, ECF No. 22-3, PageID.167.) |
| Refusal to File Grievances Claim | Parsons and Christiansen | It appears Diederich did not file a grievance regarding this issue. |
| Hygiene Claim | Washington, Christiansen, Scott, Fighter, and Colthorp | Diederich did not list any MDOC employees in this grievance. (*See* Grievance STF-0524, ECF No. 22-3, PageID.126.) |
| Retaliation Claim | Parsons, White, Christiansen, and Fenby | Parsons and White (*See* Grievance STF-0997, ECF No. 22-3, PageID.153.) |

On July 11, 2020, Diederich filed a response in opposition to the Defendants' motion for partial summary judgment. (*See* Pla.'s Resp., ECF No. 26.) In his response, Diederich cited – but did not substantially discuss or analyze – the United States Court of Appeals for the Sixth Circuit's decision in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). (*See id.,* PageID.196.) In *Reed-Bey*, a Michigan inmate filed a grievance complaining about inadequate medical care, but he did not identify a single specific MDOC employee in that grievance. The MDOC nonetheless addressed the merits of the grievance – and denied relief – at all three

levels of its administrative grievance process. The inmate later filed a civil action against several MDOC employees based upon the lack of care described in his grievance. The MDOC argued that the inmate's claim failed as a matter of law because he had failed to properly exhaust his administrative remedies. More specifically, the MDOC argued that the inmate had failed to comply with the MDOC's rule that required inmates to identify in their grievances each and every MDOC employee about whom the inmate was complaining. The Sixth Circuit rejected the MDOC's argument. It held that where prison officials choose to address an inmate's grievance on the merits even though it does not meet the MDOC's procedural requirements, those officials may not argue that the inmate failed to exhaust his administrative remedies. Applying that rule, the Sixth Circuit held that because the MDOC had addressed the inmate's grievance on its merits, the defendants could not assert a failure-to-exhaust defense based upon the inmate's failure to identify MDOC employees in the grievance. Here, Diederich seemed to be arguing that *Reed-Bey* prohibited the Defendants from raising a failure-to-exhaust administrative remedies defense because the MDOC had addressed all of his grievances on the merits.

On August 4, 2020, the Defendants filed a reply brief in further support of their motion for partial summary judgment. (*See* Defs.' Reply, ECF No. 27.) In their reply, the Defendants neither distinguished *Reed-Bey* nor even mentioned that case.

5

## C

On December 4, 2020, the Magistrate Judge issued the R&R in which he recommended that the Court grant in part and deny in part the Defendants' motion for summary judgment. (*See* R&R, ECF No. 29.) First, the Magistrate Judge recommended that the Court grant summary judgment on Diederich's official capacity claims. (*See id.*, PageID.227.) He agreed with the Defendants that they had Eleventh Amendment immunity from those claims. (*See id.*, PageID.226.)

Second, the Magistrate Judge recommended that the Court grant summary judgment in favor of Defendants Parsons and Christiansen on the Refusal to File Grievances Claim (the only Defendants named in that claim). (*See id.*, PageID.225-226.) The Magistrate Judge explained that Diederich had failed to exhaust his administrative remedies with respect to the Refusal to File Grievances Claim because he did not file any grievance concerning the subject matter of that claim. (*See id.*) Accordingly, the Magistrate Judge concluded that the Refusal to File Grievances Claim failed as a matter of law.

Third, the Magistrate Judge recommended that the Court deny summary judgment to Defendants White, Washington, Scott, and Christiansen on the Denial of Access to Courts Claim (the only Defendants named in that claim). (*See id.*, PageID.218-220, 224-225.) The Magistrate Judge concluded that Defendant White was not entitled to summary judgment on the Denial of Access to Courts Claim

because, as Defendants conceded, Diederich exhausted his administrative remedies against White with respect to this claim by naming White in his grievance related to the claim. (*See id.*, PageID.220.) The Magistrate Judge then recommended denying summary judgment in favor of Defendants Washington, Scott, and Christiansen. The Magistrate Judge acknowledged their argument that Diederich had failed to exhaust the claim against them because he had not named them in his grievance concerning the subject matter of the claim. But the Magistrate Judge explained that he could not yet determine whether *Reed-Bey* barred Washington, Scott, and Christiansen from raising a failure-to-exhaust defense because the parties' briefing was inadequate. (*See id.*, PageID.222-225.)

Fourth, the Magistrate Judge recommended denying summary judgment in favor of Defendants Parsons, White, Christiansen, and Fenby on the Retaliation Claim (the only Defendants named in that claim). (*See id.*, PageID.220, 224-225.) The Magistrate Judge concluded that Defendants Parsons and White were not entitled to summary judgment because Defendants conceded that the claim was exhausted as against them. (*See id.*, PageID.220.) The Magistrate Judge also recommended that the Court deny summary judgment in favor of Defendants Christiansen and Fenby. Although Diederich did not name these Defendants in his grievance concerning the subject matter of the Retaliation Claim, the Magistrate Judge explained that he could not yet determine whether *Reed-Bey* barred the

7

Defendants from raising a failure-to-exhaust defense because the parties' briefing was inadequate. (*See id.*, PageID.222-225.)

Finally, the Magistrate Judge recommended denying summary judgment in favor of Defendants Washington, Christiansen, Scott, Fighter, and Colthorp on the Hygiene Claim (the only Defendants named in that claim). (*See id.*, PageID.221, 224-225.) Although Diederich did not name these Defendants in his grievance concerning the subject matter of the Hygiene Claim, the Magistrate Judge explained that he could not yet determine whether *Reed-Bey* would bar the Defendants from raising a failure-to-exhaust defense because the parties' briefing was inadequate. (*See id.*, PageID.222-225.)

**D**

Defendants filed their Objections to the R&R on December 15, 2020. (*See* Objections, ECF No. 30.) The Objections focus solely on the Magistrate Judge's conclusion that *Reed-Bey* may potentially bar some of the Defendants from raising a failure-to-exhaust defense to some of Diederich's claims. Defendants contend that *Reed-Bey* is distinguishable and does not control here. Defendants argue that the grievances filed in *Reed-Bey* were patently deficient because, in contravention of the MDOC's rules, the grievances did not identify a single MDOC employee as an alleged wrongdoer. Defendants say that *Reed-Bey* bars a defendant from asserting a failure-to-exhaust defense only where the MDOC considers the merits of a

8

grievance that fails to name a single MDOC employee. And they insist that *Reed-Bey* does not apply here because Diederich did name at least one MDOC employee in each of his grievances.

In support of their argument, the Defendants rely upon the Sixth Circuit's decision in *Brown v. McCullick*, 2019 WL 5436159 (6th Cir. Apr. 23, 2019). In *Brown*, an inmate identified some MDOC employees in a grievance, and he later brought claims under Section 1983 in federal court against the employees that he named in the grievance and others that he had not named. The employees that he had not named moved for summary judgment on the ground that the inmate had failed to exhaust his administrative remedies against them. The inmate countered that under *Reed-Bey*, those employees could not assert a failure-to-exhaust defense because the MDOC had addressed his grievance on the merits. The Sixth Circuit concluded that *Reed-Bey* did not apply under the inmate's circumstances and that the inmate had failed to exhaust his claims against the employees that he had not named in his grievance:

> Brown's argument that this grievance was being decided on the merits is significant because in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010), we held that "[w]hen prison officials decline to enforce their own procedural requirements," such as the requirement to identify the names of those involved in the issue being grieved, and instead "opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." However, *Reed-Bey* does not stretch to meet the facts of this case.

9

> In *Reed-Bey*, the inmate failed to name a single individual in his grievance, and it would have thus been clear to prison officials when they addressed the merits of the grievance that they were waiving their own procedural requirement to include the names of those involved in the grievance. *See id.* at 324. But here, Brown listed two people at step I of the grievance, Bierstetel and Havelka. Accordingly, prison officials would naturally assume that Brown complied with the requirement to name those involved, and defendants cannot be said to have waived the exhaustion defense when they had no way of knowing that they would be the subject of a later lawsuit. *See Luther v. White*, No. 5:17-CV-138-TBR, 2019 WL 511795, at *8 (W.D. Ky. Feb. 8, 2019) (declining to apply *Reed-Bey* where inmate named a specific individual in grievance but not later defendants to the lawsuit).
>
> Additionally, Brown's argument that he named some of the defendants at step III of the grievance process likewise fails because for *Reed-Bey* to apply, Brown would have had to receive a response on the merits as to the defendants at each step of the grievance process. *Lee v. Willey*, 789 F.3d 673, 681 (6th Cir. 2015); *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013). He did not. In addition to Brown's not mentioning the defendants at steps I or II of the grievance process, the step III grievance response did not mention any of the defendants. Accordingly, because Brown failed to name Rivard, McCullick, Parsons, and Williams at step I of this grievance, he failed to exhaust his claims against them. *See Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009).

*Brown,* 2019 WL 5436159, at *3.

The Defendants argue in the Objections that because *Reed-Bey* does not apply here, the Court should grant summary judgment in favor of Defendants Washington,

10

Scott, and Christiansen on the Denial of Access to Court Claim, in favor of Defendants Christiansen and Fenby on the Retaliation Claim, and in favor of Defendants Washington, Christiansen, Scott, Fighter, and Colthorp on the Hygiene Claim. (*See* Objections, ECF No. 30.)

Diederich has not filed a response to the Defendants' Objections. Nor has he filed an objection to the portions of the R&R in which the Magistrate Judge recommended granting Defendants' summary judgment.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### B

The Defendants' Objections have merit in part. The Defendants are correct that *Reed-Bey* does not bar an MDOC employee from asserting a failure-to-exhaust

11

defense where a plaintiff-inmate has named *other* MDOC employees in a grievance and where the MDOC has considered the grievance on the merits. *See Brown*, *supra*. Thus, as Defendants contend, *Reed-Bey* does not prevent Defendants Washington, Scott, and Christiansen from asserting a failure-to-exhaust defense to the Denial of Access to Courts Claim because Diederich named other MDOC employees in his grievance concerning that claim. Likewise, Defendants are correct that *Reed-Bey* does not prevent Defendants Christiansen and Fenby from raising a failure-to-exhaust defense to the Retaliation Claim because Diederich named other MDOC employees in his grievance concerning that claim. Since *Reed-Bey* does not preclude these Defendants from asserting their failure-to-exhaust defense to these claims, and since Diederich offered no other argument as to why the defense failed, these Defendants are entitled to summary judgment on those claims. The Court will therefore **SUSTAIN** Defendants' Objections with respect to the Denial of Access to Courts Claim and the Retaliation Claim.

However, *Reed-Bey* may prevent Defendants Washington, Christiansen, Scott, Fighter, and Colthorp from raising a failure-to-exhaust defense to the Hygiene Claim. As in *Reed-Bey*, it appears that the MDOC considered the merits of Diederich's grievance concerning the Hygiene Claim even though the grievance did not identify any MDOC employees (as required by MDOC policies and procedures). (*See* ECF No. 22-3, PageID.113.) Accordingly, the Court cannot conclude as a

matter of law at this time that the Hygiene Claim fails as against Defendants Washington, Christiansen, Scott, Fighter, and Colthorp based upon Diederich's alleged failure-to-exhaust his administrative remedies. The Court therefore **OVERRULES** Defendants' Objection with respect to the Hygiene Claim.

### III

For the reasons explained above, Defendants' Objections (ECF No. 29) are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants' motion for partial summary judgment (ECF No. 22) is **GRANTED IN PART and DENIED IN PART**.

With respect to the following claims against the following Defendants, the motion is **GRANTED**:

- Diederich's official capacity claims against all Defendants;
- The Refusal to File Grievances Claim against Defendants Parsons and Christiansen;
- The Denial of Access to Court Claim against Defendants Washington, Scott, and Christiansen; and
- The Retaliation Claim against Defendants Christiansen and Fenby.

With respect to the following claims against the following Defendants, the motion is **DENIED**:

- The Denial of Access to Courts Claim against Defendant White;

- The Retaliation Claim against Defendants Parsons and White; and

- The Hygiene Claim against Defendants Washington, Christiansen, Scott, Fighter, and Colthorp.

Thus, in summary, the following claim remain alive in this action:

- The Denial of Access to Courts Claim against Defendant White;

- The Retaliation Claim against Defendants Parsons and White; and

- The Hygiene Claim against Defendants Washington, Christiansen, Scott, Fighter, and Colthorp.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2021


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764